UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN BATZLER,

        Petitioner,

vs.                                          Case No. 2:08-cv-671-FtM-29DNF

STATE OF FLORIDA,

        Respondent.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This cause is before the Court on Petitioner John Batzler's "Motion to Vacate Case and Release John A. Battler" filed September 11, 2008 (Doc. #3, Pleading). Petitioner requests that the Court vacate the State's circuit court order and direct that Petitioner be released from his current civil detainment at the Florida Civil Commitment Center ("FCCC"). See generally Pleading. Due to the nature of the relief sought by Petitioner, the Court construes the Pleading as a Petition for Writ of Mandamus or, alternatively, as a Petitioner for Writ of Habeas Corpus under 28 U.S.C. §2241 or § 2254.

Petitioner, who is a convicted state felon is currently confined at the FCCC while awaiting his Jimmy Ryce civil commitment trial ("Jimmy Ryce Trial") pursuant to Sections 394.910-.931, Florida Statutes (2000) (the "Act"). In the instant Pleading, Petitioner asserts that he was "kidnapped" and transferred from prison to the FCCC "against his will." Petition at 2. Petitioner claims, *inter alia*, that he was not afforded a hearing prior to his transfer in

violation of his due process rights.  Id.  Further, Petitioner challenges his current civil detainment as constituting double jeopardy and an ex post facto violation.  Id.

Petitioner attaches to his Pleading a copy of an "Order Determining Probable Cause and Appointing Counsel" that was entered on January 14, 2008, and an "Uniform Order Setting Cause for Trial" entered on May 15, 2008 by the Fourteenth Judicial Circuit Court, Bay County, Florida.  See Docs. #1-2 and #1-3.  According to the January 14, 2008 Order, the circuit court determined that "probable cause exists to believe that [Battler] is a sexually violent predator as defined by [the Jimmy Ryce Statute]."  Doc. #1-2.  The May 15, 2008 Order scheduled Petitioner's civil commitment trial trail to begin the week of September 29, 2008.  Doc. #1-3.  In his Pleading, Petitioner states that his civil commitment trial has not taken place.  Id. at 16.  Thus, Petitioner remains civilly detained at the FCCC pending his Jimmy Ryce trial.

At the outset, this Court does not possess the "power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  Lawrence v. Miami-Dade State Attorney Office, 272 Fed. Appx. 781 (11th Cir. 2008)(quoting Lamar v. 118th Judicial Dist. Court of Texas, 440 F.2d 383, 384 (5th Cir. 1971)[1]).  Further, because

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to
(continued...)

Petitioner's civil commitment trial remains pending, Petitioner has not yet been declared a sexually violent predator in need of civil commitment under the Jimmy Ryce Act.  If found by the jury to meet the requirements for civil commitment, a final judgment of commitment would be entered, and Petitioner would have the right to appeal the decision and exhaust his constitutional claims in the state courts.  Alternatively, Petitioner's Jimmy Ryce Trial may conclude in his favor and result in Petitioner's release, thus mooting this petition for writ of habeas corpus.  "[A] federal court may not interfere with ongoing state [ ] proceedings except in the most extraordinary circumstances."  Lawrence, 272 Fed. Appx. at 781 (citing Younger v. Harris, 401 U.S. 37 (1971)).  Consequently, the Court deems the relief sought by Petitioner premature.  Maharaj v. Sec'y Dep't of Corr., 304 F.3d 1345 (11th Cir. 2002)(federal habeas petition was not ripe for review when state judgment was not yet final).  Further, Petitioner has not alleged that he has exhausted his state remedies with respect to any of his claims.  See 28 U.S.C. § 2254(b)(1)(A).

For the reasons explained above, it is now

**ORDERED**:

1.   Petitioner's Pleading construed as a Petition for Writ of Mandamus or, alternatively, as a Petitioner for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice** except as to any application

---

[1](...continued)
the close of business on September 30, 1981.

-3-

of the federal statute of limitations or other procedural bars which may apply.

    2.    The **Clerk of Court** is directed to enter judgment accordingly; terminate any pending motions; and, close this case.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __18th__ day of November, 2008.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-4-